No. 4897.

(Court of Appeal, Parish of Orleans.)

### G. IMMORDINO vs. G. BIONDIO.

George Montgomery for plaintiff and appellee.

A. J. Peters and E. Laizer, Dinkelspiel, Hart & Davey and Geo. W. Flynn for defendant and appellant.

DUFOUR, J.—The facts leading to this controversy are up to a certain point recited in **Immordino vs. Longo**,

**5 Ct. of App. 293,** in which we rendered the following decree:

> "It is ordered, adjudged and decreed that there be judgment for plaintiff and against defendant, Guiseppi Longo, ordering said Longo to comply with said partnership agreement within ten days from the finality of this judgment, and in default of such compliance by said Longo, plaintiff is hereby declared to be the sole and absolute owner of the marionettes," etc.

The evidence shows that Longo failed to renew the partnership relations and thus, under the decree, Immordino became the sole and absolute owner of the property; notwithstanding this fact, Longo sold the property to Biondio, and this suit aims at the annulment of the sale.

We need not consider whether the purchaser was in good faith or whether he acquired under circumstances of a suspicious nature and with full knowledge of surrounding facts.

The sale by Longo of Immordino's property was null. **(R. C. C., Art. 2452.)** Hence, no title passed to Biondio, and the judgment upholding the sequestration and recognizing plaintiff as owner of the property is correct.

Judgment affirmed.

February 9, 1910.

Rehearing refused February 21, 1910.